WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
212-237-1000
Attorneys for DRA ASIA, LLC

| | |
|---|---|
| IN RE:<br><br>35 REAL ESTATE LIMITED<br>PARTNERSHIP<br><br><div align="center">Debtor.</div> | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CHAPTER 11<br>CASE NO. 11-11489 (SHL) |
| IN RE:<br><br>GARDEN OPERATION REALTY LIMITED<br>PARTNERSHIP<br><br><div align="center">Debtor</div> | CHAPTER 11<br>CASE NO. 11-10668 (SHL)<br><br>**DECLARATION OF JONATHAN STEIN** |

Pursuant to 28 U.S.C. §1746, **JONATHAN STEIN** hereby declares the following under penalty of perjury:

1.     I am the principal of DRA Asia, LLC ("DRA"), the Secured Creditor in conjunction with the mortgage loan encumbering the premises known as 35 UPS Drive, Secaucus, New Jersey (the "Mortgaged Premises"). I am familiar with this matter and have reviewed DRA's business records relating to the debt owed to it by 35 Real Estate Limited Partnership ("35 RELP") and the commercial loan documents upon which the debt is based.

2.      The purpose of this Declaration is to place certain evidence before the Court and in furtherance of Secured Creditor's joinder in the motions for relief filed by the Receiver in this matter, which were argued on March 14, 2011.

3.      The following is DRA's Statement of Amount Due through March 31, 2011.

| | |
|---|---|
| Principal: | $3,712,691.16 |
| Accrued and Unpaid Interest: | $1,960,261.66 |
| Protective Advances for Taxes and Insurance: | $ 169,713.00 |
| Total Due as of March 31, 2011: | $5,842,665.82 |

4.      The Statement of Amount Due comes from my analysis of the business records maintained by DRA in the ordinary course of its business and as verified by me following the Court's hearing of April 14, 2011 at which I was in attendance. No payments have ever been made to DRA since it acquired the loan documents. DRA has, however, made protective advances for real estate taxes and insurance premiums due at the Mortgaged Property as set forth above. Those payments were made by DRA after it acquired the loan.

5.      Attached hereto as **Exhibit A** is a true copy of the relevant portions of the title search performed by DRA's predecessor at the time of the foreclosure showing Secured Creditor's Mortgage in the original principal amount of $3,800,000 followed by two junior mortgage lien of $700,000 and $500,000, respectively, and ten federal tax liens which, in the aggregate, exceed several million dollars.

6.      Attached hereto as **Exhibit B** are true copies of excerpts from the deposition testimony of Helmer Toro. I attended the deposition of Mr. Toro, and wish to point out certain admissions he made at his deposition:

- The rental space in the Mortgaged Premises is approximately 75,000 square feet (Tr. 11:18-20).

- Mr. Toro obtained brokers' opinions of value that the rental value of the property is $2.00 to $3.00 per foot. He is not aware of any appraisal being performed since 2006 (Tr. 88:21-25 and 89:1-7).

- The DLC second mortgage of $700,000 was for construction at the Mortgaged Premises (Tr. 73:9-25 and 74:1-15).

- The DLC second mortgage of $700,000 was for construction at the Mortgaged Premises (Tr. 73:9-25 and 74:1-15).

**WHEREFORE**, Secured Creditor respectfully requests that the Court grant the relief requested by the Receiver in this matter and for such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: April 15, 2011

_____
Jonathan D. Stein